Filed 12/14/20  P. v. Medina CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE, | B304477 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA118471) |
| v. | |
| ENRIQUE DURAN MEDINA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge. Affirmed.

Eric R. Larson, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Charles J. Sarosy, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Enrique Medina's petition for resentencing under Penal Code section 1170.95 was summarily denied.[1]  As defendant was not entitled to relief as a matter of law, we affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

**1.**   *The Underlying Crime, Conviction and Appeal*

Defendant was convicted of first-degree murder and attempted premeditated murder for his part in a gang-related drive-by shooting.  The two victims, Robert Velasquez and Ruth Rodriguez, were sitting on a wall in front of Rodriguez's home.  An SUV with three men in the vehicle stopped in front of the victims.  The front passenger pointed a gun out the window and opened fire.  Rodriguez took cover behind the wall and Velasquez attempted to flee.  Velasquez was killed; Rodriguez was not.

Defendant and two codefendants were charged with the crimes, and with firearm and gang enhancements.  The jury was instructed on the natural and probable consequences doctrine only with respect to attempted murder; that is, the jury could determine the attempted murder of Rodriguez was a natural and probable consequence of the intentional murder of Velasquez.

The jury convicted all three defendants of murder and attempted murder and found the gang enhancement true.  However, the jury found the personal use firearm allegations against defendant not true.[2]  Defendant was sentenced to prison

---

[1]   All undesignated statutory references are to the Penal Code.

[2]   The jury found true the allegations against defendant's codefendants that a principal was armed.  It is not clear whom the jury believed to have been the shooter.

for 25 years to life for the murder with a consecutive term of 15 years to life for the attempted murder.

On appeal, defendant's conviction was affirmed, with minor modifications to his sentence not relevant to this appeal. (*People v. Medina* (Feb. 5, 2015, B249059) [nonpub. opn.].)

## 2. *Defendant's Section 1170.95 Petition*

On April 2, 2019, defendant filed a form petition for resentencing under section 1170.95, which allows defendants convicted of murder under the felony-murder rule or natural and probable consequences doctrine to seek resentencing under certain circumstances. The petition was filed by the counsel who had represented defendant at trial.

The court appointed defendant's trial attorney to represent him and ordered the prosecution to file a response.

In its response, the prosecutor argued defendant was not eligible for relief because he was convicted of murder on the basis of direct aiding and abetting; the jury was not instructed on felony murder or natural and probable consequences with respect to murder. Although the response did not expressly argue that the statute did not apply to attempted murder, the District Attorney did argue that relief was available only for convictions of murder.

The court held a short hearing on the petition, in which the following colloquy occurred:

"The Court: The court has read the materials. Based on the total circumstances, the court does not believe Mr. Medina is eligible for relief.

"[Defense counsel]: Correct, Your Honor. I think the only time that a natural and probable consequences was used was for

3

the attempt murder, and at this point the Legislature is not allowing that –

"The Court:  Correct.

"[Defense counsel]:  -- attempt murder to be used.

"The Court:  That's correct.  That's outside the gamut of the statute."

The court denied the petition.  Defendant filed a timely notice of appeal.

## *DISCUSSION*

On appeal, defendant concedes that he was convicted of murder on a theory of direct aiding and abetting, and that, therefore, section 1170.95 does not apply to that conviction.  He argues only that section 1170.95 relief applies to convictions for attempted murder.[3]  The cases which have considered the issue are in agreement that it does not.  (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104-1105, review granted Nov. 13, 2019, S258175.  See also *People v. Love* (2020) 55 Cal.App.5th 273, 279, petn. for review filed Nov. 9, 2020; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222; *People v. Dennis* (2020) 47 Cal.App.5th 838, 844, review granted July 29, 2020, S262184.)[4]  We agree with those cases and affirm the trial court's order.

---

[3]     The Attorney General notes defendant's counsel conceded otherwise at the hearing on the petition, but does not argue forfeiture.

[4]     There is a line of cases from the Fifth Appellate District which conclude that the law which enacted section 1170.95 did, in fact, abrogate the doctrine of natural and probable consequences as a basis for attempted murder, but only if raised by direct appeal from the underlying conviction.  Those cases

4

### *DISPOSITION*

The order denying defendant's section 1170.95 petition is affirmed.


RUBIN, P. J.

WE CONCUR:


BAKER, J.


MOOR, J.

---

agree that section 1170.95 does not provide retroactive relief to defendants whose attempted murder convictions have become final.  (*People v. Sanchez* (2020) 46 Cal.App.5th 637, 642−643, review granted June 10, 2020, S261768; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1016−1018, review granted Mar. 11, 2020, S259948; *People v. Larios* (2019) 42 Cal.App.5th 956, 969−970, review granted Feb. 26, 2020, S259983.)